# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| In Re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 | ) ) ) ) | MDL 2179<br><br>SECTION J |
| This Document Relates to:<br>*Pleading Bundle B1* | ) ) ) ) | JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

| | | |
|---|---|---|
| Hydra Service, Inc.<br><br>       Plaintiff,<br><br>vs.<br><br>BP Exploration & Production, Inc. and BP America Production Company<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION NO.<br><br>SECTION J<br><br>JUDGE BARBIER<br><br>MAG. JUDGE SHUSHAN |

## COMPLAINT

NOW COMES PLAINTIFF, Hydra Service, Inc., through undersigned counsel, who does allege, aver and represent as follows:

### Nature of the Action

1. On or about April 20, 2010, the *Deepwater Horizon* drilling platform exploded and sank, causing a spill of over 200 million gallons of crude oil from the Macondo Well, MC-252, and resulting in the worst maritime environmental disaster in United States history.

2. Plaintiff has suffered economic injury, damage and/or losses as a result of the oil spill.

### THE PARTIES, JURISDICTION AND VENUE

3. Plaintiff, Hydra Service, Inc. (hereinafter "Plaintiff"), is an Alabama corporation, with its principal place of business/operations in Jefferson County, Alabama.

1

4. Plaintiff brings these claims pursuant to Federal General Maritime Law including/and/or the Oil Pollution Act of 1990 ("OPA"), 33 USC §2701, *et seq.*

5. Jurisdiction exists before this Court pursuant to Article III, Section 2 of the United States Constitution, which empowers the federal judiciary to hear "all Cases of admiralty and maritime jurisdiction."

6. Jurisdiction also exists before this Court pursuant to the Oil Pollution Act, 33 U.S.C. § 2717(b) (the "OPA").

7. Defendant, BP Exploration & Production, Inc. ("BP Exploration") is a Delaware corporation with its principal place of business in Warrenville, Illinois.  BP Exploration was designated as a "Responsible Party" by the U.S. Coast Guard under the Oil Pollution of 1990, 33 U.S.C. §2714.  This court has personal jurisdiction over BP Exploration, because BP Exploration is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

8. Defendant, BP America Production Company ("BP America") is a Delaware corporation with its principal place of business in Houston, Texas.  This Court has personal jurisdiction over BP America, because BP America is registered to do business in Louisiana, does business in Louisiana, and has a registered agent in Louisiana.

9. BP Exploration and BP America are generally referred to herein collectively as the "BP Defendants" or "BP."

10. Venue is proper in this jurisdiction because the defendants' actions, inactions, and failures directly and proximately caused the damage and harm to the Plaintiff in this jurisdiction.

**Factual Background**

11. Plaintiff adopts and incorporates as if fully restated herein the factual allegations, causes of action, and prayer for relief, raised in the Amended B1 Master Complaint, Document No. 1128 filed in MDL No. 2179, *In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010* (the "MDL Complaint").

12. Plaintiff further adopts and incorporates as if fully restated herein Plaintiffs' Supplemental and Amended Responses to Phase One Written Discovery Requests, dated October 8, 2011; Amended Response to Phase One Request for Admission No. 76, dated December 27, 2011; and Supplemental and Amended Responses to Phase One Interrogatories Nos. 6, 7, and 17, dated December 14, 2012.

13. Plaintiff is full service pump and process equipment distributor of pumps for purchase, repair and rental located in Warrior, Alabama. The company also has locations in Robertsdale, Alabama and Pelahatchie, Mississippi. Plaintiff lost profits and experienced an impairment of earning capacity due to the decline in demand for its products and/or services as a result of the *Deepwater Horizon* oil spill.

14. Plaintiff made "presentment" of a Claim in accord with 33 USC §§ 2702(b) and 2713, by submitting a description of its claim with a "sum certain" and supporting documentation to the Deepwater Horizon Economic & Property Damage Claims Center on or about September 30, 2013.

15. Plaintiff's claim has not been compensated through the Deepwater Horizon Economic & Property Damages Claims Center.

**Claims for Relief**

16. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the

3

MDL Complaints against the Defendants as responsible parties under the Oil Pollution Act, 33 USC §2701, et seq., which holds responsible parties liable to plaintiffs for removal costs and damages arising out of the following:

   a. Loss of Natural Resources;

   b. Loss or Damage to Real or Personal Property;

   c. Subsistence Use;

   d. Loss of Revenues;

   e. Loss of Profits and/or Earning Capacity; and

   f. Loss of Public Services.

17. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints against all defendants identifying General Maritime Law causes of action and claims for relief relating to the following:

   a. Negligence; and

   b. Gross Negligence and Willful Misconduct.

18. Plaintiff adopts and incorporates as if restated herein, all claims for relief raised in the MDL Complaints against all defendants for Punitive Damages arising out of willful and wanton misconduct and/or gross negligence as alleged and described in the MDL Complaints.

## PRAYER FOR RELIEF

WHEREFORE, Hydra Service, Inc., demands judgment against Defendants, jointly, severally, and *in solido,* as follows:

a. Economic and compensatory damages in amounts to be determined at trial;

b. Punitive Damages;

c.  Pre-judgment and post-judgment interest at the maximum rate allowable by law;

d.  Reasonable claims preparation expenses;

e.  Attorneys' fees;

f.  Costs of litigation; and

g.  Such other and further relief available under all applicable state and federal laws and any relief the Court deems just and appropriate.


Date:  May 13, 2016

                              **/s/  Allison W. Smalley**
                              **Allison W. Smalley,** La. Bar No. 32957
                              CUNNINGHAM BOUNDS, LLC
                              1601 Dauphin Street, P.O. Box 66705
                              Mobile, Alabama  36660
                              Phone:  251-471-6191
                              Fax:  251-479-1031
                              E-mail: aws@cunninghambounds.com


                              Of Counsel:
                              **Robert T. Cunningham**
                              CUNNINGHAM BOUNDS, LLC
                              1601 Dauphin Street, P.O. Box 66705
                              Mobile, Alabama  36660
                              Phone:  251-471-6191
                              Fax:  251-479-1031
                              E-mail: rtc@cunninghambounds.com

                              **Steven L. Nicholas**
                              CUNNINGHAM BOUNDS, LLC
                              1601 Dauphin Street, P.O. Box 66705
                              Mobile, Alabama  36660
                              Phone:  251-471-6191
                              Fax:  251-479-1031
                              E-mail: sln@cunninghambounds.com

**Stephen C. Olen**
CUNNINGHAM BOUNDS, LLC
1601 Dauphin Street, P.O. Box 66705
Mobile, Alabama  36660
Phone:  251-471-6191
Fax:  251-479-1031
E-mail: sco@cunninghambounds.com